IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 10-cv-03126-REB-CBS

DAVIS & ASSOCIATES, PC, n/k/a DAVIS SHILKEN, PC, and
KEITH L. DAVIS,

    Plaintiffs,

v.

WESTCHESTER FIRE INSURANCE COMPANY, and
THE PLUS COMPANIES, INC.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion To Remand** [#8][1] filed January 12, 2011. The defendants filed a response [#17] and the plaintiffs filed a reply [#23]. I deny the motion.

### I. JURISDICTION

Putatively, I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if it is one over which the district court would have had original jurisdiction. In order to effectuate removal properly,

---

[1] "[#8]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> [a] defendant or defendants . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after receipt by the defendant, "through service or otherwise," of the initial pleading setting forth the plaintiff's claims for relief. 28 U.S.C. § 1446(b). **See also Murphy Brothers v. Michetti Pipe Stringing, Inc.**, 526 U.S. 344, 356 (1999) (holding that deadline for removal does not begin to run until party is formally served with process). A defendant who does not act within this deadline forfeits its right to remove the action to federal court. **See Huffman v. Saul Holdings Limited Partnership**, 194 F.3d 1072, 1077 (10th Cir. 1999).

### III. ANALYSIS

On November 17, 2010, the plaintiffs filed this lawsuit against the defendants in Colorado state court. The defendants were served with the complaint on November 23, 2010. The defendants filed their **Notice of Removal** [#1] on December 23, 2010. On January 11, 2011, the defendants filed a **Supplement To Notice of Removal** [#6]. In the supplement [#6], the defendants sought to correct certain defects in their **Notice of Removal** [#1].

#### A. Inclusion of State Court Process, Pleadings, and Orders

The plaintiffs argue that the defendants' notice of removal is defective because the defendants failed to attach to the notice copies of "all process, pleadings, and orders served upon such defendant or defendants in such action." § 1446(a). The **Notice of Removal** [#1] does not include copies of the returns of service, plaintiffs' C.R.C.P. 55

2

motion for default judgment, the proposed order, and the exhibits filed with the motion for default judgment. The plaintiffs argue that the defendants' **Supplement To Notice of Removal** [#6], in which the defendants sought to cure these defects, is ineffective because it was filed after the 30 day window in which a notice of removal may be filed. The defendants concede that they failed to attach to their notice of removal copies of all process, pleadings, and orders served on the defendants in the state court case. They argue, in essence, that this lapse is a mere procedural error that does not render their removal notice defective, and that the flaws were corrected in the **Supplement To Notice of Removal** [#6].

In ***Countryman v. Farmers Ins. Exchange***, 639 F.3d 1270 (10th Cir. 2011), the United States Court of Appeals for the Tenth Circuit held that the

> omission of a summons from Defendants' joint notice of removal was an inadvertent, minor procedural defect that was curable, either before or after expiration of the thirty-day removal period. Defendants supplemented their joint notice of removal to include the summons, and Plaintiff was not prejudiced by the omission. Nor was the district court's ability to proceed with the case materially impaired.

***Id***. at 1272. In the present case, the fact that the defendants' notice of removal in this case did not include copies of the returns of service, plaintiffs' C.R.C.P. 55 motion for default judgment, the proposed order, and the exhibits filed with the motion for default judgment, all filed in the state court, constitutes a minor defect that did not prejudice the plaintiffs or materially impair this court's ability to proceed with the case. The defect was cured in the **Supplement To Notice of Removal** [#6]. Applying the principles and holding in ***Countryman*** to these facts, I conclude that the plaintiffs' **Notice of Removal** [#1] and **Supplement To Notice of Removal** [#6] effectively satisfy the requirement that the notice of removal include "all process, pleadings, and orders served upon such

defendant or defendants in such action." § 1446(a).

## B. Diversity of Citizenship

Under 28 U.S.C. § 1332(a), diversity jurisdiction requires complete diversity, which exists only when "*each* defendant is a citizen of a different State from *each* plaintiff." **Owen Equip. & Erection Co. v. Kroger**, 437 U.S. 365, 373 (1978). The plaintiffs argue that the defendants' notice of removal is fatally defective because it fails to allege affirmatively complete diversity of citizenship between the parties. I disagree.

In the notice of removal, the defendants allege that defendant, Plus Companies, Inc., "is a New Jersey corporation with its principal place of business in New Jersey." *Notice of removal* [#1], ¶ 13 (d). For the purpose of determining federal diversity jurisdiction, a corporation is deemed a citizen of "any State by which it is incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). The plaintiffs argue that the defendant does not aver specifically that Plus is incorporated by the state of New Jersey and leaves open the possibility that Plus is incorporated in Colorado, which would defeat complete diversity. I disagree. Although the allegation could be more explicit, I read the allegation "is a New Jersey corporation" to mean that Plus allegedly is incorporated by the state of New Jersey. The plaintiffs do not raise any factual contention that Plus actually is incorporated in Colorado.

In the notice of removal, the defendants allege that Davis & Assoc. "is a Colorado professional corporation." *Notice of removal* [#1], ¶ 13 (a). As with Plus, I read this allegation to mean that Davis & Assoc. is a professional corporation created under Colorado law. That makes Davis & Assoc. a citizen of Colorado, and there is no allegation or other indication that Davis & Assoc. is a citizen of any other state.

In the complaint the plaintiffs allege that Keith Davis "is a Colorado licensed

4

attorney and a shareholder" of Davis & Assoc. *Complaint* [#1-3], ¶ 2. In the supplement to the notice of removal, the defendants allege that Davis is a Colorado licensed attorney and "a resident of Colorado, believed to be residing" at a stated address in Golden, Colorado. *Supplement* [#6], ¶ 2. The plaintiffs contend that these allegations are not sufficient to show that Davis is a citizen of the State of Colorado. The plaintiffs, Keith Davis and Davis & Assoc., do not assert any facts that tend to show that Davis is a citizen of a state other than Colorado.

"For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." **Smith v. Cummings**, 445 F.3d 1254, 1259-60 (10th Cir. 2006) (internal citation omitted). In the context of a case filed initially in federal court, as opposed to a removal case, the Tenth Circuit has held that an allegation of residency in a particular state creates a presumption of continuing residence in that state. **State Farm Mut. Auto. Ins. Co. v. Dyer**, 19 F.3d 514, 519 (10th Cir. 1994). Continuing residence establishes domicile, and domicile establishes citizenship. This presumption places the burden of coming forward with contrary evidence on the party who seeks to prove domicile in a different state. *Id*. In an earlier case, which also was filed initially in federal court, the Tenth Circuit said that "(p)roof that a person is a resident of a state is *prima facie* evidence that he is a citizen thereof, and shifts the burden of showing that his domicile and citizenship is other than the place of his residence to him who alleges it." **Kelleam v. Maryland Cas. Co. of Baltimore, Md.**, 112 F.2d 940, 943 (10th Cir. 1940), **rev'd on otr. grounds**, 312 U.S. 377 (1941).

In essence, the allegation that Davis is a resident of Golden, Colorado establishes a *prima facie* case that Davis also is a domiciliary and citizen of Colorado.

5

By arguing that the allegation of Davis's residence is not sufficient to establish complete diversity of citizenship, the plaintiffs argue, in effect, that the allegation of residence does not establish a *prima facie* case of citizenship. Given the law noted above, I do not agree. Absent a factual challenge by the plaintiffs to the this *prima facie* case, there is no reason to disregard this allegation in the supplement to the notice of removal. Of course, the plaintiffs may challenge this *prima facie* case by disputing that the state in which Davis is alleged to reside also is his state domicile or his state of citizenship. The plaintiffs have not presented such a challenge.

I have read and considered the opinion of United States District Judge Philip A. Brimmer in **Nichols v. Golden Rule Ins. Co.**, Case No. 10-cv-00031-PAB-KMT (D. Colo. May 3, 2010 (order granting motion to remand). In **Nichols**, the removing party alleged in the notice of removal that the plaintiffs "are residents of the State of Colorado." In their motion to remand, the plaintiffs argued that the allegations concerning the plaintiffs' residency were insufficient to establish the plaintiffs' state of citizenship for the purpose of establishing diversity jurisdiction. Judge Brimmer noted that "the burden on removing defendants to prove jurisdictional facts is, if anything, greater than it is on parties who initially file a case in federal court." As with any allegation, a reasonable belief must underpin allegations of citizenship. FED. R. CIV. P. 11(b)-(b)(3). *Id*. at 9. Judge Brimmer noted that several types of evidence are readily available to a removing party that could be the basis for such a reasonable belief. *Id*. at 8 - 9. Ultimately, Judge Brimmer saw "no reason to allow a removing defendant simply to allege and prove the residence of a plaintiff" as a means of establishing citizenship for the purpose of establishing diversity jurisdiction in a notice of removal. *Id*. at 10.

In the present case, I conclude that the undisputed allegations that Davis is a

shareholder of a Colorado LLC, a Colorado licensed attorney, and resides at a specified address in Colorado are sufficient to allege that Davis is a resident of Colorado.  This allegation of residency establishes a *prima facie* case that Davis is a citizen of Colorado.  This *prima facie* case shifts the burden of production to the plaintiffs to surmount factually the *prima facie* showing.  Absent such a challenge, the allegation of residency is sufficient to establish Davis's citizenship for the purpose of determining diversity jurisdiction.  To the extent Judge Brimmer's approach in **Nichols** is to the contrary, I noe my respectful disagreement.

### C.  Amount In Controversy

The plaintiffs argue that the defendants have not established that the amount in controversy in this case exceeds the 75,000 dollar jurisdictional threshold of 28 U.S.C. § 1332.  In the Tenth Circuit, a defendant seeking to remove a case from state court must "affirmatively establish in the petition [for removal] that the amount in controversy exceeds the statutory requirement." **Laughlin v. Kmart Corp.**, 50 F.3d 871, 872 (10th Cir. 1995).  Because the complaint in this case does not recite a specific dollar amount of recovery sought, the burden is on the defendants, as the removing parties, to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001).  In this circumstance, the removing party must show contested factual assertions in the case that make it possible that at least 75,000 dollars is at issue. **McPhail v Deere & Co.**, 529 F.3d 947, 954 - 955 (2008).  "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*. at 955 - 956.  In addition to the allegations in the complaint, a variety of additional means are available to a defendant to meet this burden of proof. *Id*. at 954 -

7

956. As required by *McPhail*, I have considered carefully the allegations in the plaintiffs' complaint [#1-3] and the allegations in the **Notice of Removal** [#1] and **Supplement To Notice of Removal** [#6].

The complaint concerns a lawyer's professional liability policy issued by defendant Westchester Fire Insurance Company to the plaintiffs, Davis & Associates P.C. and Keith L. Davis. *Complaint* [#1-3]. Davis and Davis & Assoc. allege that they were named as defendants in a separate malpractice lawsuit brought against them by Ella Mae Bates. In her lawsuit, Bates asserts claims based on theories of breach of implied warranty, professional negligence, and negligent misrepresentation. Westchester denied coverage under the lawyer's professional liability policy for the claims asserted by Ella Bates against Davis and Davis & Associates.

In the notice of removal, the defendants allege that Bates seeks "in excess of $75,000 in damages" in her lawsuit against Davis and Davis & Assoc. *Notice of removal* [#1], ¶ 3. The defendants assert that the amount of damages to Bates resulting from the alleged malpractice of Davis and Davis & Assoc. "exceeds $135,000 . . . ." *Id.*, ¶ 16. The defendants allege further that the plaintiffs are seeking damages against the defendants based on the defendants' alleged breach of contract and bad faith in failing to defend and indemnify the plaintiffs in the Bates lawsuit. *Id.*, ¶ 15. The defendants note that, based on the plaintiffs' allegation of bad faith conduct by the defendants, the plaintiffs in this case seek also "double damages" under §§10-3-1115 and 10-3-1116, C.R.S. Based on the allegations in the complaint [#1-3], the allegations in the Bates lawsuit, and the theories of recovery asserted in both lawsuits, the defendants estimate that the plaintiffs in this case seek damages "in excess of $75,000, exclusive of interest and costs." *Id.*, ¶ 17.

The defendants estimate of the amount in controversy is reasonable based on the relevant allegations. I find and conclude that the complaint [#1-3] in this case presents a combination of facts and theories of recovery that may support a claim in excess of 75,000 dollars. Therefore, the defendants have established that the amount in controversy in this case exceeds 75,000 dollars.

## IV. CONCLUSION & ORDER

Under the rule established in *Countryman*, the plaintiff's **Supplement To Notice of Removal** [#6] effectively cures the plaintiff's failure to attach to the **Notice of Removal** [#1] "all process, pleadings, and orders served upon such defendant or defendants in such action." § 1446(a). Considering the **Notice of Removal** [#1], the **Supplement To Notice of Removal** [#6], and the allegations in the pleadings attached to the notice and supplement, the defendants have established both diversity of citizenship and the amount in controversy, as required by § 1332.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion To Remand** [#8] filed January 12, 2011, is **DENIED**.

Dated September 26, 2011, at Denver, Colorado.

                                           **BY THE COURT:**

                                           */s/ Robert E. Blackburn*
                                           Robert E. Blackburn
                                           United States District Judge